IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JIMMIE FRANKLIN CAMPBELL, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 01-J-2234-NE
)
BILLY OWEN, WARDEN; ATTORNEY )
GENERAL FOR THE STATE OF ALABAMA, )
)
Respondents. )

FILED 02 JUL 30 PM 2:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 30 2002

## MEMORANDUM OF OPINION

In Petitioner's Objection to the Magistrate Judge's Findings and Recommendation of July 8, 2002 petitioner argues that the court erred in its method of calculating when the statute of limitations began to run. Petitioner apparently argues that the 90 days to file the petition to the United States Supreme Court began to run on December 8, 1998, the date the certificate of judgment was issued, rather than November 20, 1998, the date his conviction was affirmed by memorandum. If this were so petitioner would have had until March 8, 1999 to file his petition for writ of certiorari with the United States Supreme Court and until March 9, 2000 to file his federal habeas petition. Further, the limitation period would have been tolled by the filing of his Rule 32 petition with only 28 days remaining on the limitation period. Petitioner filed his federal habeas petition 20 days after the Alabama Court of Criminal Appeals affirmed the denial of his Rule 32 petition on August 10, 2001. Under petitioner's method of calculation, petitioner's petition would have been timely with 8 days to spare. Petitioner's method of calculation, however, is faulty.

Under Rule 13, *Rules of the Supreme Court of the United States*, a petitioner has 90 days after entry of the judgment or order sought to be reviewed <u>and not from the issuance date of the mandate</u>. Since petitioner did not file an application for rehearing or petition for writ of

certiorari with the Alabama Supreme Court, the only judgment or order petitioner could have sought to have reviewed by the United States Supreme Court was the November 20, 1998 affirmance. Petitioner had 90 days from that date, November 20, 1998 in which to seek certiorari review from the United States Supreme Court. Petitioner's conviction therefore became final on February 18, 1999 as originally stated in the magistrate judge findings and recommendation and the one year period of limitation began running on that date.

Petitioner also argues that "an attorney" told him that he had one year to file a federal habeas corpus petition after he exhausted his state Rule 32 remedies. Further, he alleges that no one ever told him how the one year limitation period was calculated and "even the courts and attorneys are confused about this matter." 28 U.S.C. § 2244(d)(1)(A) provides in pertinent part that

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

The statute clearly sets out that the operative date is the date upon which the date became final by the conclusion of direct review as opposed to collateral review. Further, 28 U.S.C. § 2244(d)(2) contains a tolling provision for the time that a post-conviction or other collateral review is pending which would be meaningless if the period of limitation began running upon completion of post-conviction review.

Misinformation about the deadline for filing a habeas petition does not constitute extraordinary circumstances warranting equitable tolling. See *Helton v. Secretary for the DOC*, 259 F.3d 1310 (11th Cir. 2001); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). Petitioner also states that

trial counsel and appellate counsel failed to notify him that his case had been affirmed in the Alabama Court of Criminal Appeals until the time in which he could have filed a petition for writ of certiorari to the Supreme Court of Alabama had expired. Petitioner does not however state on what date he became aware of the affirmance nor does he present any evidence that he would have been unable to file his federal habeas petition within the one year period of limitation.

Based on he foregoing petitioner's objections are due to be overruled, the magistrate judge's findings are due to be adopted and his recommendation accepted. An appropriate judgment will be entered.

DONE this the 30 day of July, 2002.

INGE P. JOHNSON
UNTIED STATES DISTRICT JUDGE